**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JUDICIAL WATCH, INC.,<br>425 Third Street S.W., Suite 800<br>Washington, DC 20024,<br><br>               Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20530-0001<br><br>and<br><br>U.S. DEPARTMENT OF<br>HOMELAND SECURITY,<br>Office of the General Counsel<br>2707 Martin Luther King Jr. Avenue SE<br>Mailstop 0485<br>Washington, DC 20528-0485<br><br>               Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)      Civil Action No. |

**COMPLAINT**

Plaintiff Judicial Watch, Inc. brings this action against Defendants U.S. Department of

Justice and U.S. Department of Homeland Security to compel compliance with the Freedom of

Information Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

      1.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B)

and 28 U.S.C. § 1331.

      2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

**PARTIES**

3.      Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization

incorporated under the laws of the District of Columbia and headquartered at 425 Third Street

SW, Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency, integrity, and

accountability in government and fidelity to the rule of law.  As part of its mission, Plaintiff

regularly requests records from federal agencies pursuant to FOIA.  Plaintiff analyzes the

agencies' responses and disseminates both its findings and the requested records to the American

public to inform them about "what their government is up to."

4.      Defendant U.S. Department of Justice ("DOJ") is an agency of the U.S.

Government and is headquartered at 950 Pennsylvania Avenue, N.W., Washington D.C. 20530.

Defendant has possession, custody, and control of the records to which Plaintiff seeks access.

5.      Defendant U.S. Department of Homeland Security ("DHS") is an agency of the

U.S. Government and is headquartered at 245 Murray Lane S.W., Washington, DC 20528.

Defendant has possession, custody, and control of the records to which Plaintiff seeks access.

**STATEMENT OF FACTS**

*A.      FBI Request*

6.      On May 19, 2025, Plaintiff sent a FOIA request to the Federal Bureau of

Investigations ("FBI"), a component of Defendant DOJ, seeking access to the following records:

1. **Records and / or communications prepared, received, or transmitted
by the FBI, between May 13, 2025, and present about the Instagram
post made by former FBI Director James Comey on or about May 15,
2025, depicting a shell formation captioned "cool shell formation on
my beach walk," allegedly displaying the numbers "86 47". The post
by Comey has resulted in public comments by high-ranking federal
law enforcement officials. Specifically, I am requesting:**

   • **Any assessments, analyses, or determinations made regarding the
   intent or interpretation of said post.**

- 2 -

- **Interviews conducted in relation to Comey's post.**
- **The classification or determination of the "86 47" message as a threat or protected speech.**
- **Any coordination or communication of FBI Director Kash Patel, or FBI Deputy Director Dan Bongino internally with other FBI officials or with Attorney General Pam Bondi, or Homeland Security Secretary Kristi Noem.**

2. **Any legal memoranda, threat assessment reports, or prosecutorial referral documents prepared concerning potential violation(s) of federal law in connection with Comey's post, including references to:**

   - **18 U.S.C. § 871 (threats against the President),**
   - **18 U.S.C. § 115 (influencing or impeding federal officials, or**

3. **A copy of any interview transcripts, summaries, generated by the FBI during any interviews regarding this matter.**

The time frame for this request was identified as "between May 13, 2025 and present." The request was submitted via the FBI's online FOIA portal and, accordingly, was received the same day it was sent.

7.      The FBI acknowledged receipt of the request by letter dated May 21, 2025, and advised Plaintiff that the request had been assigned tracking number 1668695-000.

8.      As of the date of this Complaint, the FBI has failed to (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records it intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.

*B.    Secret Service Request.*

9.      On May 19, 2025, Plaintiff also sent a FOIA request to the U.S. Secret Service ("Secret Service"), a component of Defendant DHS, seeking access to the following records:

1. **Records and / or communications prepared, received, or transmitted by the U.S. Secret Service, between May 13, 2025, and present about**

the Instagram post made by former FBI Director James Comey on or about May 15, 2025, depicting a shell formation captioned "cool shell formation on my beach walk," allegedly displaying the numbers "86 47". The post by Comey has resulted in public comments by high-ranking federal law enforcement officials. Specifically, I am requesting:

- Any assessments, analyses, or determinations made regarding the intent or interpretation of said post.
- Interviews conducted in relation to Comey's post.
- The classification or determination of the "86 47" message as a threat or protected speech.
- Any coordination or communication with the Attorney General Pam Bondi, Homeland Security Secretary Kristi Noem, FBI Director Kash Patel, or FBI Deputy Director Dan Bongino.

2. Any legal memoranda, threat assessment reports, or prosecutorial referral documents prepared concerning potential violation(s) of federal law in connection with Comey's post, including references to:

- 18 U.S.C. § 871 (threats against the President),
- 18 U.S.C. § 115 (influencing or impeding federal officials, or

3. A copy of any interview transcript, summary, generated by the Secret Service during any interview with James Comey related to the above.

The time frame for this request was identified as "between May 13, 2025 and the present."

10.     The Secret Service acknowledged receipt of the request by letter dated May 19, 2025, and advised Plaintiffs that the request had been assigned tracking number 20250996.

11.     By letter dated May 28, 2025, Secret Service issued a final determination on Plaintiff's request, asserting that it would not comply with the request because responsive requests were allegedly exempt from production under FOIA Exemption 7(A).

12.     By letter dated June 11, 2025, Plaintiff administratively appealed the Secret Service's May 28, 2025 final determination.

13.     As of the date of this Complaint, the Secret Service has failed to respond to Plaintiff's administrative appeal.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

14.    Plaintiff realleges paragraphs 1 through 13 as if fully stated herein.

15.    Defendants are in violation of FOIA.

16.    Plaintiff is being irreparably harmed by Defendants' violations of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendants are compelled to comply with the law.

17.    Plaintiff has no adequate remedy at law.

18.    To trigger FOIA's administrative exhaustion requirement, Defendant DOJ was required to issue a final determination on Plaintiff's request to the FBI by June 17, 2025, at the latest, and Defendant DHS was required to make a final determination on Plaintiff's administrative appeal to the Secret Service by July 11, 2025, at the latest. Because Defendants failed to issue final determinations within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendants to conduct a search for any and all records responsive to Plaintiff's FOIA requests and demonstrate that they employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA requests; (2) order Defendants to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA requests and *Vaughn* indices of any responsive records withheld under claim of exemption; (3) enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to  5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

- 6 -

Dated:  August 1, 2025

Respectfully submitted,

*/s/ Meredith L. Di Liberto*
MEREDITH L. DI LIBERTO
D.C. Bar No. 487733
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Tel:    (202) 646-5172
Fax:    (202) 646-5199
Email:  mdiliberto@judicialwatch.org

*Attorney for Plaintiff*